RIEDEL, Respondent, v. THE FARMERS' MUTUAL TORNADO INSURANCE COMPANY OF MADISON, LAKE COUNTY, S. D., Appellant.

(265 N. W. 601.)

(File No. 7860. Opinion filed March 17, 1936.)

*Arthur H. Hasche*, of Watertown, for Appellant.
*Warren & Eggen*, of DeSmet, for Respondent.

PER CURIAM. This is an appeal from an order overruling a demurrer to a complaint. The plaintiff by his complaint seeks to recover from the defendant for the destruction of a certain building which was covered by a policy of insurance issued by the defendant company. Commencing on page 17 of appellant's brief are set out certain alleged notices which in effect notify the plaintiff that his insurance policy is suspended for the nonpayment of a certain assessment made by the defendant company upon all insurance in force at a certain time. The complaint does not refer to or in any way set forth these alleged notices. The appellant in its brief states: "The Complaint does not specifically set forth the notices relating to the assessment or the provision in such notices relating to suspension. However, upon presenting this question to the trial court, written briefs were submitted to the court and the notices relating to the suspension and the conditions of the suspension were fully presented in written briefs to the court, both in the brief of the appellant and the defendant. For that reason, the actual notices given are set forth as a part of the abstract of the record herein and we do not believe that any objection will be made thereto. Both parties to this case desire to settle as many questions of law upon this appeal as possible, and it is necessary that the full provisions relating to the notices of assessment and suspension be before the court in order to secure a fair determination of the legal questions involved upon this appeal."

Respondent in his brief moves that the notices be stricken from the appellant's brief, "for the reason that none of such matters therein set forth are a part of the pleadings or of the record pertaining to this action, and have been improperly inserted by appellant, and are self serving as to the appellant and highly prejudicial and not binding as to the respondent."

In respondent's additional statement, respondent further objects to the notices being considered by the court in the following language: "Appellant appears to be laboring under the impression that the notices relating to the assessment were before the trial court, and that reference was made to them in the memorandum briefs submitted to the trial court. We have examined such memorandum briefs as were submitted to the trial court, and also all of the pleadings and the record herein, and do not find such notices as set forth in appellant's abstract were before the trial court. The only consideration given to the matter of notices relating to the assessment by the trial court was such as are set forth in the pleadings, and therefore this court as to such notices, is necessarily limited to the facts alleged in the complaint."

In view of the above, we do not feel justified in considering the alleged notices set out in the appellant's brief as a part of the complaint or as any part of the record now before this court.

We are of the opinion, therefore, that the order appealed from should be affirmed.

All the Judges concur.